# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM DE JESUS, JR.,<br><br>Defendant. | Case No. CR10-0108<br><br>ORDER FOR PRETRIAL DETENTION |

On the 9th day of November 2010, this matter came on for hearing on the Government's motion for detention made at the Defendant's initial appearance before a judicial officer. The Government was represented by Special Assistant United States Attorney Daniel Aaron Chatham. The Defendant appeared personally and was represented by his attorney, John Dennis Jacobsen.

## RELEVANT FACTS

On November 2, 2010, Defendant William De Jesus, Jr. was charged by Superseding Indictment (docket number 14) with distribution and aiding and abetting the distribution of methamphetamine (Count 1) and possession with intent to distribute methamphetamine (Count 2). Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on January 3, 2011.

David Hoagland, a Special Agent with Immigration and Customs Enforcement assigned to the DEA Task Force, testified regarding the circumstances underlying the instant charge. On September 16, 2010, Fernando Sanchez picked up Defendant at Defendant's residence. Sanchez and Defendant drove to a Days Inn in Cedar Rapids, Iowa, where Sanchez was staying. At the hotel, Sanchez retrieved items in a black bag from his room. Sanchez and Defendant left the hotel, and drove to a Mexican restaurant

1

for a pre-arranged meeting with a confidential source ("CS"). Defendant had arranged the meeting with the CS for the purchase of drugs.

At the Mexican restaurant, Sanchez and Defendant met with the CS. The CS and Sanchez went out to Sanchez's vehicle. Sanchez showed methamphetamine to the CS. Sanchez and the CS agreed to meet at a different location to complete the drug transaction.

Sanchez and Defendant returned to their vehicle and left the restaurant. Rafael Alegria-Ugalde was also in the vehicle when it left the restaurant. While driving, they observed a marked Cedar Rapids police car and turned off the road into a business drive. They returned to the road, and observed the Cedar Rapids police car a second time. Again, they pulled off the road into a business drive. When they returned to the road, police officers turned on the lights in their squad car, and attempted to stop the vehicle. The men did not stop the vehicle, and attempted to elude the police. A high speed chase ensued in a residential area. Defendant was driving 60 to 80 mph in a 30 mph zone. A tire on the vehicle blew out, and the vehicle was stopped.

The car belonged to Alegria-Ugalde. When the vehicle was stopped, Defendant was the driver. Sanchez and Alegria-Ugalde were passengers. Alegria-Ugalde attempted to flee from the police on foot, but was caught quickly. All three individuals were arrested. A K-9 unit was called in, and alerted on the center console of the car. Officers searched the center console and found 27 ounces of methamphetamine and a handgun.

All three men were interviewed following their arrests. Sanchez and Alegria-Ugalde stated that they were staying at a Days Inn. They indicated that two females were also staying with them.

Police officers interviewed the two females. The women told law enforcement that they started in Denver, Colorado, with Sanchez and Alegria Ugalde. One of the females was paid $600 to drive Sanchez and Alegria-Ugalde to Iowa. The other woman was a friend of the female driver, and came along for the ride. One of the woman stated that before they left Denver, she saw the handgun placed in the center console of the car. The

women also admitted smoking marijuana and methamphetamine while on the trip from Denver to Iowa.

According to the pretrial services report, Defendant is 47 years old. He was born in Puerto Rico, but moved to Chicago, Illinois, six months after he was born. Defendant lived in Chicago until moving to Cedar Rapids, Iowa, in 2000. Defendant is single and has never been married. He has two children from a previous relationship. Both children reside with their maternal grandparents in Cedar Rapids.[1]

Defendant advised that prior to his arrest, he was "in training" to work at La Camelia Mexican Restaurant in Marion, Iowa. He also indicated that he has worked in the restaurant industry for the past 15 years.

Defendant is in fair physical health. He suffers from high blood pressure and was recently diagnosed with diabetes. He has no past or present mental health or emotional concerns. Defendant denies any history of alcohol abuse or the use of controlled substances. Defendant acknowledged a conviction for operating a motor vehicle while drugged, but stated that the charge was related to driving after he had taken prescribed pain medication.

Defendant has a number arrests in Cook County, Illinois, including four arrests for battery or domestic battery, and two arrests for possession of marijuana. All of those charges were stricken from the docket and dismissed without prosecution. Defendant's only conviction is for operating a motor vehicle while drugged. Defendant was sentenced to two days in jail, and ordered to pay a $1,250 fine.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984,

---

[1] Interestingly, Defendant's current roommate reported to the Pretrial Services Officer that in addition to the two children living in Cedar Rapids, Defendant also has seven older daughters and two older sons.

3

while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with distribution and aiding and abetting the distribution of methamphetamine and possession with intent to distribute methamphetamine, which are offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v.*

*Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436

(2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with distribution and aiding and abetting the distribution of methamphetamine and possession with intent to distribute methamphetamine. The Court offers no opinion on the weight of the evidence with regard to Count 1 of the Superseding Indictment because the facts surrounding that charge were not addressed at the instant hearing. As to Count 2 of the Superseding Indictment, the weight of the evidence against Defendant is strong. On September 16, 2010, Defendant met with a CS and arranged for a drug transaction involving methamphetamine. While driving away from the meeting with the CS, Defendant was directly involved in an attempt to elude police. Specifically, Defendant refused to stop the vehicle he was driving, and fled from police at excessive speeds in a residential area. When the vehicle was stopped, police officers found 27 ounces of methamphetamine and a handgun in the center console of the car. If convicted of the offense charged, Defendant faces a mandatory minimum of 10 years in prison. Based on the serious nature and circumstances of the offense, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (November 4, 2010) to the filing of this Ruling (November 10, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 10th day of November, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA